The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| TIMOTHY DIETZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MIDLAND CREDIT MANAGEMENT INC.,<br><br>    Defendant. | Case No. 3:14-cv-05114-RBL<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Midland Credit Management, Inc. ("MCM") answers plaintiff's "Verified Complaint for Relief" ("the complaint") as follows:

**NATURE OF THE ACTION**

1. Admits that this purports to be an action for money damages, but denies any liability and further denies that plaintiff is entitled to recover any damages.

2. Denies the allegations in paragraph 2.

**PARTIES**

3. MCM lacks sufficient information to form a belief as to the truth of the allegations in paragraph 3 and, therefore, denies those allegations.

4. Admits the allegations in paragraph 4.

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
Page 1

1966579

**COSGRAVE VERGEER KESTER LLP**
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000

**JURISDICTION AND VENUE**

5.  Admits that the court generally has subject matter jurisdiction over this case, but denies that jurisdiction is based on the reasons alleged in paragraph 5 of the complaint.  MCM denies the remaining allegations in paragraph 5.

6.  Admits that venue is proper in this court, but denies the remaining allegations in paragraph 6.

7.  Admits that the court generally has subject matter jurisdiction over claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(3) ("TCPA"), but denies the remaining allegations in paragraph 7.

8.  Admits that venue is proper in this court.  MCM denies the remaining allegations in paragraph 8, based in part on a lack of sufficient information to form a belief as to the truth of those allegations.

9.  Admits that venue is proper in this court.  MCM denies the remaining allegations in paragraph 9, based in part on a lack of sufficient information to form a belief as to the truth of those allegations.

10.  Admits that it does business in the State of Washington, and that it generally is in the business of collecting delinquent accounts.  MCM denies the remaining allegations in paragraph 10.

11.  Admits that the court generally has subject matter jurisdiction over this case, but denies that jurisdiction is based on the reasons alleged in paragraph 11 of the complaint.  MCM denies the remaining allegations in paragraph 11.

12.  Admits that the court generally has subject matter jurisdiction over this case, but denies that jurisdiction is based on the reasons alleged in paragraph 12 of the complaint.  MCM denies the remaining allegations in paragraph 12.

13.  Denies the allegations in paragraph 13.

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
Page 2

COSGRAVE VERGEER KESTER LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000

1966579

14. Admits that venue is proper in this court, but denies the remaining allegations in paragraph 14.

## BACKGROUND

15. Denies the allegations in paragraph 15.

16. Denies the allegations in paragraph 16.

17. Denies the allegations in paragraph 17, based in part on a lack of sufficient information to form a belief as to the truth of those allegations.

18. MCM lacks sufficient information to form a belief as to the truth of the allegations in paragraph 18 and, therefore, denies those allegations.

19. Denies the allegations in paragraph 19.

20. Denies the allegations in paragraph 20.

## "VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227(b)(1)(A)(iii) WILLFUL NON-COMPLIANCE BY MIDLAND CREDIT MANAGEMENT, INC."

21. As to paragraph 21, MCM admits and denies as alleged above.

22. Admits that the provisions of 47 U.S.C. § 227(b)(1)(A)(iii) speak for themselves, but denies the remaining allegations in paragraph 22.

23. Except as specifically admitted above, MCM denies each and every allegation of the complaint.

## AFFIRMATIVE DEFENSES

24. Plaintiff fails to state factual matter sufficient to constitute a claim against MCM that is plausible on its face.

25. Plaintiff consented to the conduct for which he seeks relief.

26. Plaintiff waived his rights to obtain any or all of the relief sought in the Complaint.

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
Page 3

1966579

**COSGRAVE VERGEER KESTER LLP**
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000

27. MCM relied in good faith on the information provided by the creditor of the account at issue.

28. The telephone calls MCM allegedly made, and the equipment it used to make those alleged calls, are not regulated by the TCPA.

29. Plaintiff failed to use reasonable diligence to mitigate his damages, if any.

30. Any alleged violations of the TCPA, if proven, were not willful and knowing.

31. Any damages are offset by amounts that plaintiff owes on the delinquent account at issue.

**RESERVATION OF RIGHT TO AMEND**

32. MCM reserves its right to amend and to add further defenses or claims as relevant information becomes available.

WHEREFORE, MCM prays for judgment in its favor; for dismissal of plaintiff's claims with prejudice; for its attorney fees, costs and disbursements; and for any further relief that the court decides is proper.

DATED: February 13, 2014

    COSGRAVE VERGEER KESTER LLP

    /s/ Robert E. Sabido
    Robert E. Sabido, WSBA No. 29170
    rsabido@cosgravelaw.com
    888 SW Fifth Avenue, Suite 500
    Portland, OR 97204
    Telephone: (503) 323-9000
    Fax: (503) 323-9019

    Attorneys for Defendant

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
Page 4

COSGRAVE VERGEER KESTER LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000

1966579

**CERTIFICATE OF SERVICE**

I hereby declare under penalty of perjury that I served a true and correct copy of the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** on the date indicated below by:

- ☐ electronic mail,
- ☒ mail with postage prepaid, deposited in the US mail at Portland, Oregon,
- ☐ hand delivery,
- ☐ facsimile transmission,
- ☐ overnight delivery,

I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to plaintiff at the address listed below:

Timothy Dietz
2503 34th Avenue
Longview, WA 98632
    Plaintiff *Pro Se*

DATED:  February 13, 2014

/s/ Robert E. Sabido
Robert E. Sabido

**CERTIFICATE OF SERVICE -** Page 1

1966579

COSGRAVE VERGEER KESTER LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000