**THE HONORABLE RONALD B. LEIGHTON**

14-CV-05114-MEM

____ FILED ____ LODGED
____ RECEIVED
FEB 27 2014
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| TIMOTHY DIETZ,<br>Plaintiff,<br>vs.<br>MIDLAND CREDIT MANAGEMENT, INC,<br>Defendant. | Case No. 3:14-cv-05114-RBL<br><br>**MEMORANDUM OF TIMOTHY DIETZ** |

Plaintiff, Timothy Dietz, files this memorandum in support of MOTION TO REMAND BACK TO STATE COURT stating:

**ISSUE**

1. The issue for this Court is whether 47 U.S.C. § 227 was intended for *original jurisdiction* as Midland Credit Management implies regarding 28 U.S.C. § 1331 when it cites Mims v. Arrow Financial Services.

**ARGUMENT**



Timothy Dietz
2503 34th Ave
Longview WA 98632
360-442-9832

2. In Defendants notice of removal of action pursuant to 28 U.S.C. §§ 1331, 1441, they allege in ¶ 1 that "this Court has original jurisdiction under 28 U.S.C. § 1331. The TCPA, 47 U.S.C. § 227, is a federal law, over which the Federal Courts have federal question jurisdiction.

3. The TCPA statute, 47 U.S.C. § 227, if left to itself as a single claim or joined with state statutes, was specifically intended by Congress so that the average citizen could bring a claim into their local Small Claims Court without the need to hire an attorney or learn the proper procedures for Superior State Court or Federal Court. This is not to say that Federal Courts have no jurisdiction over the TCPA.[1] The Federal Courts for the most part have jurisdiction over federal statutes. However, the State Court, especially the Small Claims Court, was specifically targeted as the first Court of choice by Congress when creating the TCPA.

> "The…[Act] contains a private right-of-action provision that will make it easier for consumers to recover damages from receiving these computerized calls. The provision would allow consumers to bring an action in State Court against any entity that violates the bill….[I]t is my hope that States will make it as easy as possible for consumers to bring such actions, preferably *in Small Claims Court…*
>
> *Small Claims Court or a similar Court would allow the consumer to appear before the Court without an attorney.* The amount of damages in this legislation is set to be fair to both the consumer and the telemarketer. However, *it would defeat the purposes of the bill if the attorneys' costs to consumers of bringing an action were greater than the potential damages.* (Remarks of Sen. Hollings, 137 Cong. Rec. 30821-30822 (1991).)

4. 47 U.S.C. § 227, When filed in *most* Small Claims Departments (like Washington State) in the United States is in a Court with subject matter jurisdiction.[2]

---

[1] Mims v. Arrow Financial Services, LLC, No. 10-1195 (U.S. Supreme Court Jan. 18, 2012)

[2] 47 U.S.C. § 227(B)(3)



Timothy Dietz
2503 34th Ave
Longview WA 98632
360-442-9832

5. Many Courts have observed that the legislative history supports the intent that private actions under the TCPA were to "be treated as small claims best resolved in State Courts designed to handle them...[3]

6. Though the Supreme Court has ruled that 47 U.S.C. § 227 falls within 28 U.S.C. § 1331[4], the Court did not state that Federal Courts were to have original jurisdiction. On the contrary, they were only pointing out that 28 U.S.C. § 1331 was not voided by Congress concerning the statute as it pertains to individuals filing a TCPA claim. Almost every Circuit agrees that State Courts are the first and primary jurisdiction for most TCPA claims by private individuals. "Congress wisely foresaw that requiring Plaintiff's to proceed in Federal Court would create a procedural burden that might cause prospective Plaintiff's to forego remedial action under § 227 altogether."[5]

7. On the other hand, the TCPA authorizes State Attorney Generals to bring civil actions on behalf of their State's residents to obtain an injunction against such calls and to recover monetary damages.[6] The TCPA provides that the Federal District Courts have "exclusive jurisdiction" over actions brought by State Attorney Ganerals.[7] It thus appears that the State Attorney Generals and the FCC were intended to address any widespread violations through their enforcement powers in Federal Court — as opposed to personal efforts by

---

[3] See Murphey v. Lanier; 204 F.3d 911, 915 (9th Cir. 2000); Erienet, Inc. v. Velocity Net, Inc., 156 F.3d 432 (2nd Cir. 1998); Foxhall Realty Law Offices v. Telecoms. Premium Servs., LTD, 156 F.3d 432, 438 (2d Cir. 1998); Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287, 1289, modified, 140 F.3d 898 (11th Cir. 1998); Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507, 514 (5th Cir. 1997)

[4] Mims v. Arrow Fin. Servs., LLC, No. 1-1195 (U.S. Supreme Court Jan. 18, 2012)

[5] Murphey v. Lanier; 997 F. supp 1348 (S.D. Cal. 1998)

[6] 47 U.S.C. § 227(f)(1)

[7] 47 U.S.C. § 227(f)(2)



Timothy Dietz
2503 34th Ave
Longview WA 98632
360-442-9832

individuals in State Small Claims Courts.[8] In fact, § 227(b)(3) is purposeful in its silence of a Federal District Court.

8. 47 U.S.C. § 227 was *never* intended nor designed so that the average *pro se* would bring, or would have their TCPA suits remanded into the Federal Courts. The TCPA was *never* intended to be used by the alleged violators of the law to seize and remand the cases to Federal Court based on a 28 U.S.C. § 1331 claim, where, at best, Federal Court would create a procedural burden that might cause prospective plaintiff's to forego remedial action and at worst, *pro se* litigants would fall prey to the gamesmanship of smoke & mirrors by crafty lawyers hoping to dodge legitimate claims.

9. Based upon the Supreme Court ruling[9] and the overall opinion of the Circuit Courts and Congress regarding the TCPA, a reasonable person would conclude that when an individual files a TCPA claim by itself or with an additional state claim or claims in a Court that has subject matter jurisdiction, then that case should remain in that Court in which the plaintiff filed and no remand should be considered by any Federal District Court in which a TCPA claim has been properly filed in a State Court with subject matter jurisdiction.

10. Considering that the Sequestration has stressed the budget of the United States District Courts, the District Courts should not be unnecessarily burdened. In a letter to the President of the United States September 10, 2013, the Honorable John D. Bates writes;

> "I write on behalf of the Judicial Conference of the United States to seek assistance in ensuring that the Federal Judiciary receives sufficient funding in fiscal year (FY) 2014 to enable it to meet its constitutional and statutory obligations. Several years of flat funding, followed by the sequestration cuts that

[8] See Schulman v. Chase Manhattan Bank (2000) 268 A.D.2d 174, 178, 710 NYS.2d 368, 371.

[9] Mims v. Arrow Fin. Servs., LLC, No. 1-1195 (U.S. Supreme Court Jan. 18, 2012)



Timothy Dietz
2503 34th Ave
Longview WA 98632
360-442-9832

took effect March 1, 2013, have had a devastating impact on court operations nationwide. A hard freeze at post-sequestration levels in FY 2014 will necessitate an additional five percent cut to the Judiciary, further diminishing all facets of court operations.

Over the years, with the support of Congress and the White House, the Judiciary has been able to forge and maintain one of the most respected justice systems in the world. We are greatly concerned, however, that our constitutional duties, public safety, and the quality of our nation's justice system will be profoundly compromised if sufficient funding is not provided to the Judiciary in FY 2014."

**WHEREFORE**, Plaintiff Timothy Dietz moves this Court to enter an Order remanding back to Washington State Small Claims Court case 14 S 4, granting such other and further relief as the Court may deem reasonable and just under the circumstances.

Dated this 24TH day of February 2014.

Respectfully Submitted,

Timothy Dietz

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically mailed to Robert E. Sabido, Esq., rsabido@cosgravelaw.com this 24TH day of February 2014.

Respectfully,

Timothy Dietz
2503 34th Ave
Longview WA 98632
360-442-9832
timthepostman@yahoo.com

**VERIFICATION**

**STATE OF WASHINGTON**
**COUNTY OF COWLITZ**

**BEFORE ME** personally appeared Timothy Dietz who, being by me first duly sworn and identified in accordance with Washington law, deposes and says:

1. My name is Timothy Dietz, plaintiff herein.
2. I have read and understood the attached foregoing complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge

Timothy Dietz, Plaintiff

SWORN TO and subscribed before me this 24TH day of February 2014.




Cynthia L Corl
Notary Public

My commission expires: 6-14-14



Timothy Dietz
2503 34th Ave
Longview WA 98632
360-442-9832