The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| TIMOTHY DIETZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIDLAND CREDIT MANAGEMENT INC.,<br><br>　　　　Defendant. | Case No. 3:14-cv-05114-RBL<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>NOTE ON MOTION CALENDAR:<br>March 28, 2014 |

**A.   Background**

Plaintiff filed this lawsuit in Cowlitz County District Court, Small Claims Department, asserting a single claim for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). (Dkt. 1, Ex. 1). Defendant removed the case to this court. (Dkt. 1). Plaintiff now moves to remand the case back to state court. His motion lacks merit.

**B.   Discussion**

Boiled down to its essence, plaintiff (a *pro se*) appears to contend that this court lacks jurisdiction over his TCPA claim, because Congress intended TCPA claims to be filed in state court. That same argument, however, was already rejected by the United States Supreme Court in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 752 (2012). In *Mims*, the Court expressly held that federal courts have original jurisdiction

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**
Page 1

1999009

COSGRAVE VERGEER KESTER LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000

over TCPA claims under 28 U.S.C. § 1331.[1] 132 S. Ct. at 752. Thus, this TCPA case was properly removed to this court – even if plaintiff chose to initiate the case in state court.

Plaintiff additionally contends that the case should be remanded because, if kept in this court, it would tax the federal judiciary's limited resources. Again, however, the same argument was already rejected by the Supreme Court in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 344-45 (1976), *abrogated on other grounds*, *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).

In short, plaintiff's motion is devoid of any authority that controverts the Supreme Court's clear holdings in *Mims* and *Thermtron Products, Inc.* This case is properly before, and should proceed in, this court.

**C. Conclusion**

The court should deny plaintiff's motion to remand.

DATED: March 24, 2014

        COSGRAVE VERGEER KESTER LLP


        /s/ Robert E. Sabido
        Robert E. Sabido, WSBA No. 29170
        rsabido@cosgravelaw.com
        888 SW Fifth Avenue, Suite 500
        Portland, OR 97204
        Telephone: (503) 323-9000
        Fax: (503) 323-9019

        Attorneys for Defendant

---

[1] 28 U.S.C. § 1331 provides that "[t]he district courts shall have *original jurisdiction* of all civil actions arising under the Constitution, laws, or treaties of the United States." (Emphasis added).

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
Page 2
1999009
COSGRAVE VERGEER KESTER LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000

# CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury that I served a true and correct copy of the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** on the date indicated below by:

- ☐ electronic mail,
- ☐ mail with postage prepaid, deposited in the US mail at Portland, Oregon,
- ☐ hand delivery,
- ☐ facsimile transmission,
- ☒ Electronic Case Filing System (ECF),

I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to plaintiff at the address listed below:

Timothy Dietz
2503 34th Avenue
Longview, WA 98632
    Plaintiff *Pro Se*

DATED:  March 24, 2014

/s/ Robert E. Sabido
Robert E. Sabido

CERTIFICATE OF SERVICE - Page 1

1999009

COSGRAVE VERGEER KESTER LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000